```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TARELL STEVENSON                                CIVIL ACTION

VERSUS                                          NUMBER: 07-9243

MARLIN GUSMAN, ET AL.                           SECTION: "F"(5)
```

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the presiding District Judge (rec. doc. 18), presently before the Court is plaintiff's motion to reopen. (Rec. doc. 17). For the reasons that follow, it is recommended that plaintiff's motion be denied.

The above-captioned matter is a prisoner suit brought pursuant to 42 U.S.C. §1983 involving an alleged use of excessive force on August 5, 2007 and an alleged denial of needed medical care for three days thereafter. (Rec. doc. 5, pp. 3, 5). After issue was joined, plaintiff moved to voluntarily dismiss his case. (Rec. doc. 12). There being no objection from the defendants, a Report and Recommendation was issued recommending that plaintiff's motion be

granted. (Rec. doc. 14).  Judgment was entered on April 23, 2008, dismissing plaintiff's lawsuit pursuant to Rule 41(a)(2), Fed.R.Civ.P. (Rec. doc. 16).  As the last sentence of Rule 41(a)(2) provides, that dismissal was deemed to be without prejudice.

On November 5, 2008, plaintiff filed the motion to reopen that is presently before the Court. (Rec. doc. 17).  Plaintiff's motion provides no reasons justifying his request. (Id.).

The Court construes plaintiff's motion to reopen as a motion to reinstate under Rule 60(b)(6), Fed.R.Civ.P.  Such motions may be granted only under extraordinary circumstances after balancing the policy in favor of hearing a litigant's claims on the merits against that in favor of finality of judgments.  Gonzalez v. Gannett Satellite Info. Network, Inc., 903 F.Supp. 329, 331 (N.D. N.Y. 1995), aff'd, 101 F.3d 109 (2nd Cir. 1996)(table).  In addition, the moving party must ordinarily point to a meritorious claim.  Crane v. Kerr, 53 F.R.D. 311 (N.D. Ga. 1971).

Although plaintiff's motion is not untimely, he has not demonstrated extraordinary circumstances warranting Rule 60(b)(6) relief.  Figgs v. Clay, 64 Fed. Appx. 417 (5th Cir. 2003).  Indeed, plaintiff has offered no reasons for his request at all. Moreover, "[a] federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal

position as if no suit had been filed. <u>Hawkins v. McHugh</u>, 46 F.3d 10, 12 (5th Cir. 1995). Plaintiff's lawsuit having been effectively dismissed without prejudice under Rule 41(a)(2), it may very well be time-barred now. <u>Id</u>. at pp. 12-13. For these reasons, it will be recommended that plaintiff's motion to reopen be denied.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's motion to reopen be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  18th  day of      December      , 200 8 .

```
                                       /s/ Alma L. Chasez
                                       ALMA L. CHASEZ
                                       UNITED STATES MAGISTRATE JUDGE
```